# UNITED STATES DISTRICT COURT

for the

Western District of Michigan - Marquette

| | |
|---|---|
| Stephen J Tuovila | ) Case No._____ |
| -V- | ) |
| State of Michigan | ) **FILED - MQ** |
| Department of Natural Resources | ) August 23, 2021 3:13 PM<br>) CLERK OF COURT<br>) U.S. DISTRICT COURT<br>) WESTERN DISTRICT OF MICHIGAN<br>BY: mlc  SCANNED BY: mlc 8/23/21 |

**Plaintiff**

Stephen J Tuovila

7368W Riverview Drive

Manistique, MI 49854

(906)450-3112

**2:21-cv-197**
Robert J. Jonker - U.S. District Judge
Maarten Vermaat - Magistrate Judge

**Defendant**

State of Michigan

Department of Natural Resources

525 W Allegan St

Lansing, MI 48911

Sarah Rankin

(517)284-5031

rankins@michigan.gov

**1.** From a period beginning in October if 2018 and ending on March 4th, 2021, I was subjected to continuing pervasive harassment based on perceived sexual orientation, male sexual stereotyping, in violation of Title VII of the Civil Rights Act of 1964.

**2.** This harassment was led by a Fire Management Specialist, followed by Unit Managers, and a Fire Officer Supervisor. The harassment by managers was followed by harassing statements from co-workers.

**3.** A Fire Management Specialist publicly led or opened up the harassment. Once this occurred, Unit Managers and co-workers followed up with harassing statements amongst each other while I was in their presence, and by these people directly harassing me in front of others in the workplace. Words such as fag boy and coming out of the closet were used.

**4.** I believe we have not had enough harassment training in the past. The only training that I remember was a brief training when hired in 1997 followed by another short local training in 2004. I recall laughing and joking during this second training that totaled 20-30 minutes in length. It was not until February 11th, 2020, that we had a serious harassment training for our entire division while we attended a multi-day Professional Development Training (PDT).

**5.** My supervisor knew that I was in distress. In the fall of 2018, I asked him for the possibility of talking with a state phycologist and he told me no to that. Instead, he recommended a psychologist that he knew. This psychologist minimized the harassment, encouraged me to ignore it and move forward and told me that the people would lie about the harassment. It is now known that my supervisor should have had knowledge about and informed me of the Employee Services Program (ESP). ESP could have assisted me with reporting the harassment

long ago. Because of this I believe that I have two dates of discovery with one being in October of 2018 and the other being on February 11th, 2020, when I was harassed while at the PDT. It was my supervisor who then harassed me on March 4th, 2021. I gave him the chance to apologize, and he did not. We have not verbally communicated since March 4th.

**6.** I was harassed by one if not two managers for my reporting of the harassment.

**7.** I respected HR during this entire process, and I still do, but they added to their Position Statement an allegation that is not true. They alleged that I claim that HR was notified about alleged harassment but failed to act. I simply asked them if they should have contacted me because I did not know the answer to that question. In interviews with the HR investigator, both my supervisor and the initial HR contact person have conflicting statements. I would like the court to hear this information.

**8.** The EEOC issued me a Right to Sue letter which I received on May 25, 2021, and is attached at the end of this complaint. I request a trail by judge.

**9.** I have been in emotional distress from this harassment, and it intensified once again after harassment that occurred on March 4th, 2021. I have been on FMLA since June 4th, 2021.

**10.** Extreme circumstances and a hostile work environment have resulted in continuing emotional distress which seems will continue for an unknown amount of time. The damage is so severe that it is my hope to be compensated enough to request a medical retirement, if necessary. It is my prayer that the court will award me exemplary damages up to $850,000 for continuing damage to my health and quality of life.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper use, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case related papers may served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 8/23/2021

*[signature]*

Stephen J Tuovila

7368W Riverview Drive

Manistique, MI 49854

Pro Se